UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:08-01229 |
| v. | ) ) ) | Judge Trauger |
| VIVID RESTAURANT CONCEPTS, LLC, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the court is a Motion to Cancel Vivid Restaurant Concepts' Group Health Insurance Policy or to Compel Payment of Premiums (Docket No. 27) filed by BlueCross BlueShield of Tennessee, Inc. (BCBST). For the reasons discussed herein, this motion will be denied.

## BACKGROUND

The defendant in this case, VIVID Restaurant Concepts, LLC ("VIVID"), owns nine restaurants throughout the southeastern United States and maintains a BCBST group health insurance policy for the benefit of its employees (the "Policy"). (Docket No. 28 at 2.) Under the Policy, premiums are due on the first day of the month for coverage to be provided for that month. (*Id.*) For the January 2009 billing cycle, the premium for the Policy was $19,734.53. (*Id.*) On January 9, 2009, BCBST received a check from VIVID for $18,800.99, which BCBST credited to VIVID's account for January 2009. (*Id.*) On January 12, 2009, by Order of this court, VIVID was placed into a receivership, with Kevin T. O'Halloran named as the receiver.

1

(Docket No. 15.)

The Amended Order for Appointment of Receiver ("Receivership Order") imposes restrictions on the actions that certain entities with relationships with VIVID, including insurance companies, can take in certain circumstances. Specifically, as regarding insurance companies, the Order states that "all insurers of VIVID are hereby enjoined and restrained from canceling any insurance policies pursuant to which VIVID, its officers, directors, members, managers and employees are insured relating to VIVID's business. In the event any insurer desires to cancel any such policy, the insurer shall file an appropriate motion in this court, with notice to the Receiver and all other parties to this litigation, before any such adverse action is commenced and all such insurers are stayed from taking any such action against the receivership property until such time that relief from this stay is granted by this court." (*Id.* at 10.)

On January 26, 2009, BCBST received a check from the Receiver for $19,734.53, which the Receiver claims was to pay February's premium. (Docket No. 28 at 2.) On January 28, 2009, First Tennessee Bank returned the January 9 check to BCBST due to insufficient funds. (*Id.*) Thereafter, BCBST credited the valid January 26 check toward VIVID's January payment. (*Id.*) When the early part of February came and went without additional premium money from the Receiver, BCBST filed its motion to cancel the Policy or to compel the payment of premiums. (Docket No. 27.) The Receiver has responded, objecting to the motion and arguing that his January 26 check was to cover the February premium, and, therefore, he is current on all insurance obligations to BCBST that have arisen since he became the Receiver. (Docket No. 31.)

2

## ANALYSIS

BCBST's motion is inaccurately captioned as a "motion to cancel." In fact, BCBST is seeking two alternative forms of relief, both of which are plainly outside the scope of the Receivership Order.

BCBST begins its legal argument with a discussion of the relationship between a receivership and a bankruptcy. (Docket No. 28 at 3.) BCBST argues, incorrectly, that "the Bankruptcy Code provides the clearest guidance in cases in which a federal receiver is appointed over [an] insolvent entity." (*Id.*) In fact, the Sixth Circuit has explicitly concluded that receivership proceedings "fall outside the statutory bankruptcy proceedings" and are governed by traditional principles of equity. *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006). Ignoring the equitable underpinnings of the receivership proceedings, BCBST spends the remainder of its brief arguing that supposedly relevant provisions of the Bankruptcy Code permit the court to cancel the insurance policy at issue, despite the presence of a receiver. (Docket No. 28 at 3-7.)

While the cases cited by BCBST deal with generally cancelling an insurance policy, a reasonably careful review of BCBST's motion and proposed order reveals that BCBST is asking the court to find that BCBST is "not obligated under the terms of its policy with VIVID to provide insurance coverage for VIVID *during the period of default* ... ." (Docket No. 27 Ex. 1.) (emphasis added) Alternatively, BCBST requests that the court issue "an order compelling the Receiver to remit payment for VIVID's January 2009 premiums." (Docket No. 28 at 1.)

Under this first requested form of relief, BCBST essentially asks the court to sanction its refusal to provide coverage to individuals issued through VIVID for the one-month period that

3

BCBST alleges VIVID did not pay its insurance premium. BCBST's requested relief would plainly be inappropriate under the Receivership Order, because an insurer is only properly before this court in this case if it "desires to cancel" the pre-existing policy. (Docket No. 15 at 10.) BCBST apparently does not desire to cancel the Policy, and the Receiver is currently paying the monthly insurance premiums as they come due. (Docket No. 31 at 3.) If BCBST wishes to have its insurance coverage obligations declared for a past time period, it must file a declaratory judgment action against the receiver.

For similar reasons, BCBST's alternative request will be denied as well. As noted above, BCBST requested that this court order the Receiver to pay BCBST $19,734.53 for an allegedly unpaid premium. (Docket No. 28 at 1.) Again, the insurer is only properly before the court, at this stage in the receivership proceedings, when it requests to cancel a policy going forward.

4

## ORDER

For the reasons discussed herein, BCBST's Motion to Cancel Vivid Restaurant Concepts' Group Health Insurance Policy or to Compel Payment of Premiums (Docket No. 27) is **DENIED**.[1]

It is so ordered.

Enter this 12th day of March 2009.

ALETA A. TRAUGER
United States District Judge

.

---

[1] The Receiver has requested that, in addition to denying BCBST's motion, the court "modify the Receiver Order to prohibit other contracting parties (in addition to landlords) from declaring a default, lapse, or other breach of contract or from taking any action to exercise contractual remedies without leave of the court." (Docket No. 31 at 7.) Apart from concerns related to BCBST's motion, the Receiver offers no reason or basis for re-considering the content of the Receivership Order at this time and, therefore, the court will not grant this request. The court notes that a Chapter 11 bankruptcy filing would certainly provide a more orderly and appropriate framework for resolving the claims of all creditors and those related in other ways to the VIVID enterprise.

5